UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN JUSTIN BROWNLEE,

Plaintiff,

v.

SCOTT JONES, et al.,

Defendants.

No. 2:17-cv-0872 CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motion to proceed in forma pauperis will be granted. ECF No. 8.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Discussion**

**A. Allegations**

In the complaint plaintiff identifies twenty officers and officials at the Sacramento County

Main Jail who have engaged in: 1) denying him due process during disciplinary proceedings; 2) religious discrimination for his use of a mat, rug, or blanket to pray; 3) cruel and unusual punishment; 4) negligence; and, 5) retaliation for plaintiff's filing of complaints and grievances. Specifically, plaintiff contends that various disciplinary hearings were not conducted according to the rules and regulations of the facility and resulted in improper punishment. See ECF No. 1 at 12-22. Plaintiff also refers to an "incident" that occurred on the 5th floor, east side 300 pod, cell 19 on an unknown date involving various named defendants who assaulted plaintiff. ECF No. 1 at 14-15. Also mentioned in the complaint is a separate incident in which Sergeant Anderson watched unnamed deputies jump on plaintiff in the disciplinary housing unit on the 8th floor, west side 400 pod, cell 8. ECF No. 1 at 14-16. Plaintiff does not provide any further details about these incidents other than the fact that they led to further disciplinary hearings.

**B. Causes of Action**

**1. Due Process**

The majority of the allegations in plaintiff's complaint concern various defendants' responses to plaintiff's grievance forms or complaints about the disciplinary process at the Sacramento County Main Jail. See ECF No. 1 at 12-22.

There are five procedural requirements of Due Process for prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539 (1974). First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." Id. Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved...or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case,

3

he should be free to seek the aid of a fellow inmate, or...to have adequate substitute aid...from the staff or from a[n]...inmate designated by the staff." Id. at 570. In addition, Due Process requires that the decision be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985). In his complaint, plaintiff alleges that defendant Hernandez conducted a disciplinary hearing on September 26, 2016 "with the knowledge that the plaintiff was not serv[ed] with a copy of his misbehavior report/write up." ECF No. 1 at 11-12. Although plaintiff asserts that he did not receive a copy of the report, he does not clarify what this hearing was for or whether he ever received notice of the hearing at all. Accordingly, this allegation is far too vague and conclusory to state a claim for relief.

Furthermore, there are no constitutional requirements regarding how a grievance system is operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Thus, any deficiencies in defendants' responses to plaintiff's grievances do not state a claim cognizable in a federal civil rights action. See Ramirez, 334 F.3d at 860 (stating that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); Mann v. Adams, 855 F.2d 639, 64 (9th Cir. 1988). Thus, plaintiff may not impose liability on a defendant simply because he or she played a role in processing plaintiff's inmate appeals or grievances. For this reason, plaintiff's complaint fails to state a claim against defendants Hays, Cayman, Yee, Douglas, Smolich, Anderson, and Peoples.

Plaintiff's allegations fail to state a separate cognizable claim against any defendant in regard to the issuance of a false disciplinary report. A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable

under section 1983). Plaintiff does not allege a cognizable claim against defendant Douglas who allegedly made a false report that plaintiff threatened jail deputies because there is no allegation that it was done in retaliation for plaintiff's prior grievances. See ECF No. 1 at 14. Accordingly, plaintiff fails to state a cognizable claim based on the issuance of a false disciplinary report.

**2. Retaliation**

The court finds plaintiff's allegations insufficient to state a First Amendment retaliation claim against any defendant. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); see also Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (emphasizing that to prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating conduct behind the defendant's conduct). The complaint does not make clear which of the named defendants retaliated against plaintiff, nor does it sufficiently allege why the disciplinary action taken against plaintiff by defendants did not reasonably advance a legitimate correctional goal. Thus, plaintiff fails to state a First Amendment claim against any defendant on the facts alleged.

**3. Excessive Force**

The Eighth Amendment prohibits cruel and unusual punishment. "[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitely v. Albers, 475 U.S. 312, 319 (1986). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (internal quotations omitted).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. In determining whether the use of force was wanton and unnecessary,

courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotations marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 37) (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).

The undersigned concludes that plaintiff has failed to state an excessive force claim against defendants Thompson, James, Rosales, Smith, Goings, Grinder, Gomes, Jackson, Rose, Anderson, and Schmenke based on the bare allegations in the complaint.  As mentioned earlier, plaintiff does not provide sufficient details of the two "incidents" referenced in his complaint to determine which named defendant(s) may be liable for the assault.  For this reason, the excessive force allegation fails to state a cognizable claim for relief.

### 4. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment also protects prisoners from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

6

"sufficiently serious...." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Plaintiff's allegations that defendants' conduct was negligent are not sufficient to state a claim for relief. See ECF No. 1 at 19-21. To the extent that plaintiff alleges physical and emotional injuries, he does not allege that defendants knew of and disregarded an excessive risk to his health and safety. For this reason, the undersigned recommends that the Eighth Amendment conditions of confinement claims in the complaint be dismissed.

**5. Religious Discrimination**

Prisoners do retain their First Amendment right to freedom of religion, despite the fact that this right may be reasonably curtailed during incarceration in furtherance of legitimate penological interests. See Turner v. Safleyy, 482 U.S. 78, 89 (1987); see also, Anderson v. Angelone, 123 F.3d 1197, 1198 (9th Cir. 1997). In order to establish a First Amendment violation, a prisoner plaintiff must show that defendants have burdened the practice of his religion by violating a sincere belief required to maintain his spirituality without any justification rationally related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). To determine whether defendants' conduct was reasonable, the court must

consider four factors: (1) whether the regulation has a logical connection with a legitimate governmental interest; (2) whether alternative means exist for plaintiff to exercise his right; (3) what the impact will be on prison staff, inmates, and administration of accommodating plaintiff's right; and (4) the existence of ready alternatives to defendants' regulation that may be accomplished at a minimal cost to legitimate penological interests. See Turner v. Safley, 482 U.S. at 89. In the court's application of these standards, prison officials are accorded considerable deference in administrative decision-making, and thus, officials need only show a logical relationship between the challenged regulation and a valid penological objective. Id. at 84; see also Standing Deer v. Carlson, 831 F.2d 1525, 1528 (9th Cir. 1987).

Plaintiff has not stated a cognizable First Amendment constitutional deprivation based on the facts alleged in the complaint. There is no information in the complaint as to how any of the named defendants have specifically burdened the practice of plaintiff's religious beliefs. Plaintiff simply states in one conclusory sentence that he was "discriminated against based upon his religious beliefs to pray on a mat, rug and/or blanket." ECF No. 1 at 14. Accordingly, the complaint is not sufficiently detailed to establish a First Amendment claim for relief.

Plaintiff may also be attempting to state a claim for relief under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). See 42 U.S.C. §§ 2000cc et seq. RLUIPA requires the government to meet a higher burden of proof than the rational basis standard of Turner. Pierce v. County of Orange, 526 F.3d 1190, 1209 n. 19 (9th Cir. 2008) (citing Greene v. Solano County Jail, 513 F.3d 982 (9th Cir. 2008)). RLUIPA provides in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2).

To state a claim for violating RLUIPA, a plaintiff must demonstrate that the defendants substantially burdened the exercise of his/her religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If the plaintiff meets that burden, the defendants must demonstrate that "any substantial burden of the plaintiff's exercise of his/her religious beliefs is

8

both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id. Under RLUIPA, "religious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); Greene v. Solano County Jail, 513 F.3d 982, 986 (9th Cir. 2008). "In fact, RLUIPA 'bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion.'" Id. (quoting Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005)).

The starting point of an analysis of a RLUIPA claim is determining what "religious exercise" was allegedly infringed upon. In this case, the religious exercise is using a mat, rug or blanket in which to pray. See ECF No. 1 at 14. However, plaintiff does not identify what the jail rule or policy is concerning the use of prayer mats or how this substantially burdens the exercise of his religious beliefs. Furthermore, the complaint does not identify which particular defendant is responsible for creating or implementing the jail policy on the use of prayer mats. For all of these reasons, plaintiff has not stated a cognizable claim under the RLUIPA.

**C. Failure to State a Claim for Relief**

The undersigned finds the allegations in plaintiff's complaint too conclusory and inadequate to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. It is recommended that plaintiff's complaint be dismissed. It is further recommended that leave to file an amended complaint be granted.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there

is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 8, is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 14, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0872.14.new

10