UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT JONES, et al.,<br><br>Defendants. | No. 2:17-cv-0872 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 14, 2017, the court dismissed plaintiff's complaint with leave to amend. Following an extension of time, plaintiff filed a first amended complaint on February 26, 2018, which is now before the court for screening. See ECF No. 25.[1]

I. **Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---
[1] "ECF" refers to the court's electronic case filing system.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the First Amended Complaint**

Plaintiff names 21 different correctional officers and staff at the Sacramento County Main Jail as defendants in this action. The allegations in the complaint concern several incidents that occurred while plaintiff was in different housing units at the main jail. ECF No. 25. The majority of the allegations concern incidents involving the use of force by jail officers against plaintiff. See ECF No. 25 at 6-9. In the first incident, plaintiff alleges that defendant Gomez kicked and punched him while he was handcuffed and subdued and that defendant Anderson failed to protect him from this use of excessive force. Id. at 6. In a separate incident, defendants Thomas, James, Thompson, and Jackson kicked, punched, and slammed plaintiff against a wall during a cell move

2

on an unspecified date. ECF No. 25 at 6. Defendant Rose failed to intervene and protect plaintiff from this use of force. Id. It is not clear to the court what date this second incident happened. A third incident occurred on December 16, 2016 when defendants Smith, Goings, Grinder, Gomez, and Schmenk rehoused plaintiff in the 8 West 400 pod by dragging him into a cell and kicking and punching him while plaintiff was "in restraints and subdued." ECF No. 25 at 6. Defendant Anderson, who was the supervisor on duty at this time, failed to intervene or protect plaintiff from this use of force. Id. As a result of this incident, plaintiff received contusions to his head, ruptured blood vessels in his face, black eyes, as well as bone fractures in his wrist and ribs. Id. Plaintiff also alleges that he did not receive medical care for these injuries for a period of 7 days and that the defendants who beat him, as well as defendants Jackson, Thompson, and James, were all responsible for his lack of medical care in conscious disregard of his health and safety. Id. Plaintiff further alleges that defendants Fry and Blist pushed and kicked him while he was subdued in restraints during another incident on an unspecified date. ECF No. 25 at 6.

In a separate cause of action, plaintiff alleges that he was verbally harassed by defendant James during a cell move. ECF No. 25 at 6.

The first amended complaint also describes two separate rule violation reports ("RVR") that plaintiff received. On September 26, 2016, defendant Hernandez found plaintiff guilty of an unspecified RVR without first verifying if plaintiff had received notice of the charges or assistance in preparing his defense because he is a vision-impaired inmate. ECF No. 25 at 5. On December 9, 2016, defendant Smolich found plaintiff guilty of a RVR for battery on a peace officer without verifying whether plaintiff had adequate assistance to prepare his defense. Id. at 8. Defendant Smolich also failed to conduct an adequate investigation into the December 16, 2016 incident. Id. Defendant Anderson reviewed plaintiff's appeals of the RVR's against him. Id. at 8-9. Plaintiff alleges that defendant Anderson was not fair and impartial because he was present during the December 16, 2016 use of force and failed to protect plaintiff. Id. at 9.

In his last claim for relief, plaintiff alleges that defendant Peoples retaliated against him by rehousing him "as punishment for clashing with custody and personal disputes" and for utilizing the administrative appeals process at the jail. ECF No. 25 at 11.

As relief for all of these asserted constitutional violations, plaintiff requests five million dollars in monetary compensation. ECF No. 25 at 12.

### III. Analysis

#### A. Deliberate Indifference Claims

"[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); see also Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." (internal quotations omitted)). Here, plaintiff alleges that defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk were deliberately indifferent to his need for medical attention after the December 16, 2016 use of force by delaying his medical treatment for 7 days. At the screening stage, the court must accept plaintiff's allegations as true. Accordingly, the undersigned finds that plaintiff has stated a cognizable claim against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

#### B. Excessive Force Claims

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). When prison officials are accused of using excessive force in violation of the Eighth Amendment, the relevant inquiry is whether the force was applied in a good faith

effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320–21 (1986); Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). "Force does not amount to a constitutional violation ...if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" Clemente v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Whitley, 475 U.S. at 320–21.

Courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Additionally, the failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

The allegations in the first amended complaint are not sufficiently detailed for this court to determine whether the force used in any of the incidents was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320–21. Plaintiff just asserts that he was struck in various parts of his body by certain officers while other officers watched and that he was injured as a result. Plaintiff provides no details about the circumstances surrounding the use of force by these defendants. Even liberally construed, the allegations in the complaint fail to state an excessive force claim against defendants Gomez, Anderson, Thomas, James, Thompson, Jackson, Rose, Smith, Goings, Grinder, Schmenk, Anderson, Fry, and Blyst. However, the court will grant plaintiff leave to amend in order to include sufficient facts to allege an Eighth Amendment

5

excessive force claim against these defendants.

### C. Due Process

Plaintiff was previously advised of the five requirements for stating a due process violation stemming from prison disciplinary proceedings. See ECF No. 16 at 3-4. In his first amended complaint, plaintiff alleges that defendants Hernandez, Gayman, Smolich, Anderson, Yee and Hayz were all responsible for processing the administrative review of his rule violation reports ("RVR") or his citizen's complaint. See ECF No. 25 at 5, 8-10. Even liberally construing these allegations, the undersigned finds that the allegations against defendants Gayman, Yee and Hayz are insufficient to state a due process violation. There is no federal constitutional requirement requiring a particular process or method of investigation for citizen complaints involving law enforcement officers absent a life, liberty or property interest at stake. See Town of Castle Rock v. Gonzalez, 545 U.S. 748, 766 (2005). Additionally, the allegations that defendant Smolich conducted an inadequate investigation into plaintiff's RVR are not sufficient to state a valid due process claim. Likewise, the allegations that defendants Hernandez and Smolich failed to verify whether plaintiff received adequate due process are not an independent cause of action. Without any allegation that plaintiff actually failed to receive advance notice of the charges or assistance in preparing a defense, these claims are entirely conclusory. Accordingly, plaintiff's due process claims fail to state any separate cause of action against any of the defendants. Plaintiff will be given leave to amend these claims.

### D. Retaliation

A First Amendment retaliation claim requires: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff fails to demonstrate that his administrative appeals were the source of motivation for the alleged retaliatory transfer of plaintiff to a different cell in the same jail. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) ("[P]laintiff must show that his protected conduct was the 'substantial' or 'motivating' factor

behind the defendant's conduct." (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (some internal quotation marks omitted)). Plaintiff's allegations suggest that the motive for his rehousing was his personal disputes with custody officers. ECF No. 25 at 11. The complaint's conclusory and unspecified allegations of retaliation are insufficient to state a claim for relief. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing Twombly, 550 U.s. at 555) ). For these reasons, the general allegation of retaliation by defendant Peoples will be dismissed with leave to amend.

### E. Harassment

The verbal exchange of offensive insults between inmates and guards does not rise to the level of an Eighth Amendment violation. See Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (citation omitted) (stating that "verbal harassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998). Accordingly, plaintiff fails to allege a separate Eighth Amendment claim against defendant James for his offensive comments during plaintiff's cell move. No leave to amend will be granted as to this claim since the court has already found that plaintiff sufficiently alleged a separate Eighth Amendment deliberate indifference claim against defendant James.

### F. Failure to State a Claim

As to defendants Jones, Rosales, and Douglas, plaintiff fails to identify any specific action or conduct that they engaged in which violated the federal constitution. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Nor does plaintiff allege that these defendants were liable in their supervisory capacity. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (stating that vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient to state a cause of action). Accordingly, the allegations in the first amended complaint fail to state a claim for relief against defendants Jones, Rosales, and Douglas.

**IV.     Leave to Amend**

For the reasons set forth above, the court finds that the only cognizable claims in the complaint are the Eighth Amendment deliberate indifference claims against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk.  However, it appears that plaintiff may be able to allege facts to remedy the deficiencies with respect to additional defendants and claims, except the verbal harassment claim against defendant James.  Plaintiff will be given time to file a second amended complaint to cure these deficiencies if he so chooses.  Plaintiff is not required to file a second amended complaint, and may instead choose to proceed with service of process on the Eighth Amendment deliberate indifference claims against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

**VI.     Plain Language Summary for a Pro Se Litigant**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state valid claims against the defendants and some do not. The Eighth Amendment deliberate indifference claims against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk do state a claim for relief which can proceed. The court is granting you leave to amend the remaining claims, except the verbal harassment claim, because you have not provided enough facts to support them.

You can either (1) proceed immediately on your Eighth Amendment claims against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk by completing the service forms attached to this order; **or** (2) request time to file a second amended complaint. If you want to proceed only on the Eighth Amendment deliberate indifference claims, the undersigned will recommend dismissing the remaining claims against defendants Jones, Hernandez, Gayman, Rosales, Smolich, Anderson, Douglas, Rose, Peoples, Fry, Blyst, Yee, and Hayz, and the verbal harassment claim against defendant James.

If you choose to file a second amended complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. Any claims and information not in the second amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has the option: a) to proceed immediately on his Eighth Amendment deliberate indifference claims against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk; or, b) to amend the complaint to try to fix the deficiencies with the remaining defendants except the verbal harassment claim against defendant James.

2. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the current first amended complaint or whether he wants time to file a second amended complaint.

3. If plaintiff fails to return the attached notice within the designated timeframe, the court will proceed only on the claims found cognizable in this screening order. The undersigned will recommend dismissing the remaining claims against defendants Jones, Hernandez, Gayman, Rosales, Smolich, Anderson, Douglas, Rose, Peoples, Fry, Blyst, Yee, Hayz, and the verbal harassment claim against defendant James.

Dated: September 19, 2018

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0872.1.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT JONES, et al.,<br><br>  Defendants. | No. 2:17-cv-0872 CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

   Check **one** option:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Jackson, Thompson, James, Smith, Goings, Grinder, Gomez, and Schmenk; **or**,

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

                                                  _____
                                                  Plaintiff