UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT JONES, et al.,<br><br>Defendants. | No. 2:17-cv-0872 KJM CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff is also requesting a second extension of time to comply with court orders. Good cause appearing, the request will be granted. No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 40) is denied without prejudice.

2. Plaintiff's request for an extension of time (ECF No. 40) is granted.

3. Plaintiff is granted 90 days from the date of this order in which to submit the documents necessary to effect service on defendants. Plaintiff is warned that his failure to submit these service documents within the time permitted will result in a recommendation that this action be dismissed.

4. Since plaintiff requests an extension of time to comply with all court orders, he is granted one last 30 day extension in which to file objections to this court's Findings and Recommendations issued on October 17, 2018.

5. No further extensions of time will be granted.

Dated: December 26, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0872.31+36

2